**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**ANDREA PERRY,**

                  **Plaintiff,**                  5:11-cv-74
                                                                            (GLS)

            v.

**MICHAEL J. ASTRUE,** Commissioner of
Social Security,

                  **Defendant.**
_____

| APPEARANCES: | OF COUNSEL: |
|---|---|
| **FOR THE PLAINTIFF:** | |
| McMahon, Kublick Law Firm | JENNIFER GALE SMITH, ESQ. |
| 500 South Salina Street | |
| Suite 816 | |
| Syracuse, NY 13202 | |
| | |
| **FOR THE DEFENDANT:** | |
| HON. RICHARD S. HARTUNIAN | CHRISTOPHER J. BRACKETT |
| United States Attorney | Special Assistant U.S. Attorney |
| 100 South Clinton Street | |
| Syracuse, NY 13261 | |
| | |
| Mary Ann Sloan | |
| Regional Chief Counsel | |
| Social Security Administration | |
| Office of General Counsel, Region II | |
| 26 Federal Plaza, Room 3904 | |
| New York, NY 10278 | |

**Gary L. Sharpe
Chief Judge**

## MEMORANDUM-DECISION AND ORDER

## I. Introduction

Plaintiff Andrea Perry challenges the Commissioner of Social Security's denial of Supplemental Security Income (SSI) and seeks judicial review under 42 U.S.C. §§ 405(g) and 1383(c)(3).[1]  (*See* Compl., Dkt. No. 1.)  Upon reviewing the administrative record and carefully considering the arguments, the Commissioner's decision is reversed and remanded.

## II. Background

On, June 9, 2008, Perry filed an application for SSI under the Social Security Act (the Act), alleging disability since March 15, 2008.  (Tr.[2] at 5.)  After her application was denied, Perry requested a hearing before an Administrative Law Judge (ALJ), which was held on March 3, 2010 and June 10, 2010.  (*Id.* at 21-39, 40-59, 76-77.)  On July 28, 2010, the ALJ issued a decision denying the requested benefits, which became the Commissioner's final decision upon the Social Security Administration Appeals Council's denial of review.  (*Id.* at 5-15, 60-62.)

Perry commenced the present action by filing a complaint on January

---

[1] Perry refers to disability insurance benefits (DIB) in paragraph 5 of the Complaint. (*See* Compl. ¶ 5.)  However, it does not appear that her application contains a request for DIB and thus, it will not be discussed.  (*See, e.g.*, Dkt. No. 12 at 1.)

[2] "(Tr. )" refers to the page of the Administrative Transcript in this case.  (*See* Dkt. No. 7.)

2

21, 2011, seeking review of the Commissioner's determination. (Compl., Dkt. No. 1.) The Commissioner filed an answer and a certified copy of the administrative transcript. (Dkt. Nos. 6, 7.) Each party, seeking judgment on the pleadings, filed a brief. (Dkt. Nos. 9, 12.)

### III. Contentions

Perry contends that the Commissioner's decision is not supported by substantial evidence or the appropriate legal standards. Specifically, Perry claims the ALJ: (1) erred when he found Perry did not meet listing 12.05(C); (2) improperly considered Perry's non-exertional impairment; and (3) failed to adequately consider the opinion of Perry's treating physician. (*See* Dkt. No. 9 at 6-12.) The Commissioner counters that substantial evidence supports the ALJ's decision. (*See generally* Dkt. No. 12.)

### IV. Facts

The evidence in this case is undisputed and the court adopts the parties' factual recitations. (*See* Dkt. No. 9 at 1-2; Dkt. No. 12 at 1-12.)

### V. Standard of Review

The standard for reviewing the Commissioner's final decision under 42 U.S.C. § 405(g) is well established and will not be repeated here. For a full discussion of the standard and the five-step process used by the

3

Commissioner in evaluating whether a claimant is disabled under the Act, the court refers the parties to its previous opinion in *Christiana v. Comm'r of Soc. Sec. Admin.*, No. 1:05-CV-932, 2008 WL 759076, at *1-2 (N.D.N.Y. Mar. 19, 2008).

## VI.  Discussion

Perry's arguments almost exclusively rely on an opinion rendered by Dr. David Frey.[3]  (*See* Dkt. No. 9 at 6-9; *see also* Tr. at 367-69.)  However, as the Commissioner aptly notes, this opinion was rendered on August 17, 2010, roughly three weeks after the ALJ issued his decision.  (*See* Tr. at 15, 368; Dkt. No. 12 at 21.)  Nevertheless, this evidence was received by the Appeals Council.  (Tr. at 63).  Thus, to the extent Perry argues that the ALJ erred, the court disagrees.  But the inquiry in this case does not end with the ALJ's decision since the Appeals Council's review is also relevant in determining whether the denial of SSI was supported by substantial evidence.[4]  *See Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996) (holding

---

[3]  Perry's first argument, regarding listing 12.05(C) cites Dr. Frey's opinion to show she had "significant limitation[s] of function."  (Dkt. No. 9 at 6.)  Likewise, her second claim, with respect to the ALJ's consideration of her non-extertional limitations, also proffers Dr. Frey's opinion to prove she had "significant restrictions."  (*Id.* at 8.)  And, Perry's third contention focuses on the ALJ's treatment of Dr. Frey's opinion.  (*See id.* at 9.)

[4]  "Substantial evidence is defined as more than a mere scintilla.  It means such relevant evidence as a reasonable mind might accept to support a conclusion."  *Alston v. Sullivan*, 904 F.2d 122, 126 (2d Cir. 1990) (internal quotation marks omitted).

4

"that the new evidence submitted to the Appeals Council following the ALJ's decision becomes part of the administrative record for judicial review when the Appeals Council denies review of the ALJ's decision.").

Here, the Appeals Council's decision is, to say the least, conclusory as there are no specific references to Perry's case or the additional evidence she submitted after the ALJ issued his decision.  (*See* Tr. at 60-62.)  Given the potentially dispositive nature of Dr. Frey's opinion,[5] the Appeals Council's formulaic response—which fails to address, *inter alia*, the relevance, if any, that Dr. Frey's opinion had on Perry's SSI application—is grossly insufficient.  Because the court "cannot be certain whether or not the Commissioner's ultimate conclusion that [Perry] was not disabled is supported by substantial evidence," the Commissioner's

---

[5] For example, Perry alleges she qualifies under listing 12.05(C). 20 C.F.R. pt. 404, subpt. P, app. 1 § 12.05.  To satisfy listing 12.05(C), Perry must demonstrate she suffers from "[a] valid verbal, performance, or full scale IQ of 60 through 70 and a physical or other mental impairment imposing an additional and significant work-related limitation of function." *Id.* Though he conceded Perry has the requisite IQ, the Commissioner argues that Perry did not prove that "she had deficits of adaptive functioning manifesting before the age of 22." (*See* Tr. at 7; Dkt. No. 12 at 15.)  Conversely, Dr. Frey opined that Perry has "marked restrictions" in her mental capacity to carry out several work-related activities.  (*See* Tr. at 367-69.)  Assuming, without deciding, that Dr. Frey's opinion is germane to Perry's SSI application, it could cure the deficiency noted by the Commissioner.  As there is also evidence that contradicts this opinion, the court cannot *sua sponte* render a disability decision.  (*See* Dkt. No. 12 at 20-21; *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

5

decision is reversed and remanded for further administrative proceedings.[6] *Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998).

## B.   Remaining Findings and Conclusions

Perry's submissions do not challenge the ALJ's determination of her physical impairment.  (*See generally* Dkt. No. 9.)  Accordingly, the court, after carefully reviewing the record, affirms the ALJ's determination of Perry's physical impairment as it is supported by substantial evidence.[7]

## VII.  Conclusion

**WHEREFORE**, for the foregoing reasons, it is hereby

**ORDERED** that the decision of the Commissioner is **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for proceedings consistent with this Order; and it is further

**ORDERED** that the Clerk close this case and provide a copy of this Memorandum-Decision and Order to the parties.

**IT IS SO ORDERED.**

---

[6]  In light of the fact that Perry failed to fully discuss the procedural posture of the case at the time Dr. Frey issued his opinion, the Commissioner's defense of the ALJ's decision was appropriate, and moreover, persuasive.  Though the court errs on the side of caution, its decision is by no means a condemnation of the Commissioner's defense of the ALJ's decision.

[7]  Although Perry's subsequent application for benefits was granted, this decision is of no moment to the court's review of the ALJ's decision in this case.  *See Duross v. Comm'r of Soc. Sec.*, No. 1:05-cv-368, 2008 WL 4239791, at *5 (N.D.N.Y. Sept. 11, 2008).

January 31, 2012
Albany, New York

_____
Gary L. Sharpe
Chief Judge
U.S. District Court